Exhibit A:  Plaintiff's Complaint

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
| --- | --- | --- | --- | --- |
| November 20, 2019 2:33:01 PM EST | 7757538600 | 206 | 5 | Received |

7757538600      11:20:48 a.m.    11-20-2019    2/6

1    CASE NO.: CV-C-19-575

2    DEPT. NO.: 1

3    **AFFIRMATION**
4    Pursuant to NRS 239B.030
     This document does not contain
5    any Social Security Numbers

FILED

2019 NOV 18 PM 3:45

ELKO CO DISTRICT COURT

CLERK_____ DEPUTY___

IN THE FOURTH JUDICIAL DISTRICT COURT OF THE

STATE OF NEVADA, IN AND FOR THE COUNTY OF ELKO

BRENDA JOHNSON an Individual;

Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware Corporation, d/b/a Wal-Mart Supercenter #2402; doing business in Nevada, DOES I through X, and ROE Corporations VI through X, inclusive,

Defendants.

**COMPLAINT FOR DAMAGES**

     COMES NOW, Plaintiff, BRENDA JOHNSON, by and through her attorneys of record, KIDWELL & GALLAGHER, LTD., for her causes of action against Defendant, WAL-MART STORES, INC., a Delaware Corporation, d/b/a Wal-Mart Supercenter #2402; doing business in Nevada, DOES I through X, and ROE Corporations VI through X, inclusive., and alleges as follows:

1.    At all times relevant herein, Plaintiff, BRENDA JOHNSON (hereinafter the "Plaintiff" or "BRENDA") was a resident of Elko County, Nevada.

2.    Upon information and belief, at all times relevant herein, Defendant, WAL-MART STORES, INC., (hereinafter the "Defendant" or "Wal-Mart") was and is organized as a corporation under the laws of the State of Delaware and doing business in the State of Nevada.

3.    This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1), as the facts alleged occurred in Elko County, Nevada and involve an amount in controversy in excess of

$15,000.00. Venue is proper pursuant to NRS 13.040, as Defendant, or any one of them resided in Elko County, Nevada at the commencement of this action.

4. That the true names and capacities of Defendants named herein as DOES I through X, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE Defendant is responsible for the events and happenings referred to and proximately caused damages to Plaintiff as alleged herein. Plaintiff will ask leave of the Court to amend the Complaint to insert the true names and capacities of DOES I through X when the same have been ascertained, and to join such Defendants in this action.

5. That the true names or capacities of Defendants, ROE DEFENDANTS II through X, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Defendants designated herein as ROE DEFENDANTS II through X, and each of them, are predecessors-in-interest, successors-in-interest, and/or agencies otherwise in a joint venture with, and/or serving as an alter ego of, any and/or all Defendants named herein; and/or are entities responsible for the supervision of the individually named Defendants at the time of the events and circumstances alleged herein; and/or are entities employed by and/or otherwise directing the individual Defendants in the scope and course of their responsibilities at the time of the events and circumstances alleged herein; and/or are entities otherwise contributing in any way to the acts complained of and the damages alleged to have been suffered by the Plaintiff herein. Plaintiff is informed and, on that basis believes and thereon alleges, that each of the Defendants designated as a ROE BUSINESS ENTITY is in some manner negligently, vicariously, and/or statutorily responsible for the events and happenings referred to and caused damages to Plaintiff as herein alleged. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

### GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

6. The Plaintiff repeats and realleges the allegations as contained in the preceding paragraphs herein, and incorporate the same herein by reference.

Page 2 of 5

7.      On or about September 10, 2018 at approximately 5:00 pm Plaintiff arrived at Wal-Mart to grocery shop in Elko, Nevada.

8.      Plaintiff was walking down the pasta aisle and slipped on a substance that was on the floor.

9.      Plaintiff was partially holding on to her grocery cart but ultimately lost balance and twisted her back and knee.

10.     The substance on the floor was not marked or otherwise visible to prevent Plaintiff from slipping.

11.     As a result of the substance on the floor, Plaintiff suffered serious personal injuries, to include serious back and knee injuries.

## FIRST CLAIM FOR RELIEF

### (Negligence)

### Against Defendant Wal-Mart Stores, Inc.

12.     The Plaintiff repeats and realleges the allegations as contained in the preceding paragraphs herein, and incorporate the same herein by reference.

13.     Defendant Wal-Mart owed a duty to exercise ordinary and reasonable care in the maintenance of their property to avoid injury to Plaintiff, and Defendant Wal-Mart negligently and carelessly breached such duty by reason of the aforesaid events.

14.     As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Wal-Mart, Plaintiff Brenda Johnson was injured, receiving injuries to the tissues, bones, and joints of her body. Plaintiff thereby experienced great pain and anxiety to her body and mind, sustaining injuries and damages in the sum in excess of Fifteen Thousand Dollars ($15,000.00).

15.     As a further direct and proximate result of the aforesaid negligence and carelessness of Defendant, Plaintiff Brenda Johnson has incurred damages, both general and special, including medical expenses as a result of the necessary treatment of her injuries, and will continue to incur damages for future medical treatment necessitated by injuries she has suffered as a result of the Defendant's negligence.

16. As a further proximate result of the aforementioned negligence and carelessness of the Defendant, Plaintiff Brenda Johnson was required to, and did, employ physicians, surgeons, and other health care providers to examine, treat, and care for her and did incur medical and incidental expenses thereby. The exact amount of such expenses is unknown at this present time, but Plaintiff alleges that she has suffered special damages in excess of Fifteen Thousand Dollars ($15,000.00).

17. Additionally, upon information and belief, due to injuries caused by the Defendant's actions, Plaintiff has suffered a loss income and/or of earning capacity.

18. The actions of the Defendant have forced the Plaintiff to retain counsel to represent her in the prosecution of this action, and she is therefore entitled to an award of a reasonable amount of attorney's fees and costs of suit.

WHEREFORE, Plaintiff, BRENDA JOHNSON, expressly reserves her right to amend this Complaint at the time of trial to include all items of damage not yet ascertained, and demands judgment against Defendant, WAL-MART STORES, INC., and each of the defendants as follows:

19. General damages, in an amount in excess of Fifteen Thousand Dollars ($15,000.00), to be set forth and proven at the time of trial;

20. Special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), to be set forth and proven at the time of trial;

21. Reasonable attorney's fees;

22. Costs of suit incurred; and

23. Such other relief as to the Court seems just and proper.

///
///
///
///

DATED this 18th day of November, 2019.

KIDWELL & GALLAGHER, LTD.

*[signature]*

Barbara W. Gallagher, Esq.
Nevada Bar No. 005315
790 Commercial Street
Elko, Nevada 89801
(775) 738-1000 – Telephone
(775) 753-8600 – Facsimile
Barbara@kidwellgallagher.com

Page 5 of 5